The opinion of the court was delivered by
Gibson, J.
The land of Thomas Vanswearingen, who . died intestate, was sold on two judgments obtained against .his son Samuel, as executor de son tort; who had before entered into arti *146 eles for the sale of it to Nass, the purchaser at sheriff’s sale. At the trial of this ejectment by the other children of the intestate, the purchaser, who was the defendant below, offered in evidence the record of the judgments, the executions, levy, inquisition, condemnation, venditioni exponas, sale, and the sheriff’s deed: together with proof of payment of the purchase money, of valuable improvements by the purchaser, with the full knowledge of the heirs of Thomas Vanswearingen ; some of whom, it was offered to be shown, were present urging the sale, and also the previous article with Samuel for the purchase of the premises. The court rejected the judgments, and all the proceedings founded on them; but admitted that the other parts of the evidence, if separately offered, would be competent.
On a former occasion, it was held by this court, that the sale having been on a judgment against an executor de son tort, was void; and could of itself divest no right. But notwithstanding this, it possibly may have been attended with circumstances which would give the purchaser such an equity against the heirs of the intestate as would bar them. A party who stands by at a sale of his property, although under an authority entirely void, and encourages purchasers to bid, is guilty of a direct fraud; and one that furnishes a proceeding against him in chancery, by which he may be compelled to convey. In such case a trust arises in favour of the purchaser, ex maleficio. This is the common case of a party silently standing by, while his right is affected by a conveyance to a purchaser for a valuable consideration; in which case his incumbrance shall be postponed or his title conveyed. It is impossible to say what the effect of the evidence might have been, if it had gone to the jury; but if it had clearly appeared that any of the plaintiffs, being of full age and perfectly acquainted with what was transacting, had stood by without objecting, (much more if they encouraged the defendant to purchase,) it would have furnished a decisive objection to their recovery. I at first doubted, whether the naked fact of a sale having taken place with the acquiescence of the plaintiffs, was not all that the defendant should have been permitted to show, as that was enough to make out his case agajnst those who were present and consented; but I am now of opinion, that evidence of all that was offered was competent, and that he was entitled to show the whole transaction with all its attendant circumstances, as his equity would undoubtedly be strengthened by proving, that the sale was made at least under colour of authority. It is unnecessary to say, whether the offer to prove that the plaintiffs had lain by while the defendant was making valuable improvements, ought to have an additional operation in favour of the admissibility of the evidence, as it is clear it was competent on the ground just now stated. The part rejected was again offered.in a subsequent part of the cause, and again rejected; but as the point *147 is fully raised by the first bill of exceptions, it is unnecessary to say any thing on that part of the case.
The land was sold for the intestate’s debts; and to show that the sale was unnecessary, and a mere device to pass the title to the defendant, which Samuel Vanswearingen had articled to convey, the plaintiffs gave evidence that the intestate died possessed of considerable personal estate: to rebut which, the defendant offered evidence, that shortly after his death the whole personal property was swept away by debts, and sold on executions; which were rejected. I can see no ground of objection to the competency of this evidence.
Other errors were assigned, which have either been abandoned or not sustained; and which are of a nature too trivial to merit a particular consideration.
Judgment reversed, and a venire facias de novo awarded.